# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

### CASE NO.:

RHONDA B. JOHNSON,

      Plaintiff,

vs.

NEW PENN FINANCIAL, LLC, D/B/A
SHELLPOINT MORTGAGE SERVICING,

      Defendant.

_____/

### COMPLAINT

**COMES NOW,** the Plaintiff, RHONDA B. JOHNSON, by and through undersigned counsel, and brings this action against the Defendant, NEW PENN FINANCIAL, LLC, D/B/A SHELLPOINT MORTGAGE SERVICING ("SHELLPOINT"), and as grounds thereof would allege as follows:

### INTRODUCTION

1. This is an action brought by a consumer for Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and Florida Statutes §§ 559.55-559.785, known more commonly as the "Florida Consumer Collection Practices Act" ("FCCPA").

2. The FDCPA and FCCPA prevent debt collectors and persons, respectively, from engaging in abusive, deceptive, and unfair collection practices.

### JURISDICTION

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

4. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

5. Under 28 U.S.C. § 1367(a), this court has supplemental jurisdiction over Plaintiff's state law FCCPA claim in that it is so related to the federal FDCPA claims that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue in this District is proper because Plaintiff resides in Broward County, Florida, and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

## PARTIES

7. At all times material hereto, Defendant, SHELLPOINT was and is a foreign corporation, incorporated under the laws of the State of Delaware, duly licensed to transact business in the State of Florida, and lists its principal address as 4000 Chemical Road, Suite 200, Plymouth Meeting, PA 19462.

8. At all times relevant to this Complaint, SHELLPOINT, was and is a "person" as said term is defined under Florida Statute §1.01(3), and is subject to the provisions of Fla. Stat. § 559.72 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. § 559.55(1).

9. At all times relevant to this Complaint, SHELLPOINT, regularly collects or attempts to collect debts for other parties and is a "debt collector" as said term is defined under 15 U.S.C. §1692a(6) and Florida Statute §559.55(6).

10. At all times relevant to this Complaint, SHELLPOINT, regularly uses the mail and telephone in a business for the purpose of collecting consumer debts.

11. At all times relevant to this Complaint, SHELLPOINT, was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

12. Upon information and belief, the primary function of SHELLPOINT's, servicing business is to collect payment on mortgage accounts.

13. Upon information and belief, SHELLPOINT, began servicing the subject loan after it was allegedly already in default.

14. Upon information and belief, SHELLPOINT, was only hired as the servicer upon the disputed debt to attempt to collect upon the disputed debt.

15. The debt that Defendant sought to collect from Plaintiff is an alleged debt arising from transactions entered into primarily for personal, family or household purposes.

16. At all times relevant to this Complaint, Plaintiff, was and is a natural person, and is a "consumer" as that term is defined by 15 U.S.C. 1692(a)(3) and Florida Statutes §559.55(2), and/or a person with standing to bring a claim under the FDCPA and FCCPA by virtue of being directly affected by violations of the Acts.

17. At all times material hereto, the debt in question was a "debt" as said term is defined under 15 U.S.C. §1692a(5) and Florida Statute §559.55(1).

## BACKGROUND AND GENERAL ALLEGATIONS

18. In 2011, Plaintiff retained Loan Lawyers, LLC ("Loan Lawyers") to fight a foreclosure action filed against her by BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2005-IM1 ("Bony Mellon:") in Broward County, Florida, bearing case number CACE09042494 (11) (the "Foreclosure").

19. During the course of the Foreclosure proceedings SHELLPOINT became the

servicer of Plaintiff's loan, referenced by SHELLPOINT as loan number *****4204.

20.  SHELLPOINT was aware or should have been aware of the nature of Loan Laywers' representation of Plaintiff.

21.  On March 26, 2014, the Foreclosure court entered an order granting Bony Mellon's Motion for Voluntary Dismissal. The Foreclosure was dismissed without prejudice.

22.  Since that time, SHELLPOINT has harassed Plaintiff and her family repeatedly and has made false statements in an attempt to collect on the mortgage debt.

23.  Specifically, SHELLPOINT and/or a third-party hired by SHELLPONT have gone to Plaintiff's residence on numerous occasions asking for Plaintiff's cell phone number. On one occasion, SHELLPOINT and/or a third-party hired by SHELLPONT told Plaintiff's husband that that SHELLPOINT owned the subject property.

24.  On numerous occasions, individuals hired by SHELLPOINT would ring Plaintiff's door bell and bang on the door repeatedly until Plaintiff or her husband would open the door.

25.  The purpose of all of the communications was to collect on a debt.

26.  These series of events has caused extreme discomfort, anxiety, and emotional distress to Plaintiff and her family.

27.  On or around April 11, 2015, May 13, 2015, June 14, 2015, and July 15, 2015, a third-party hired by SHELLPOINT came to Plaintiff's property to drop off a delinquency letter.

28.  A copy of each of these letters are attached hereto respectively as Exhibits "A", "B", "C", and "D".

29.  All of these actions were taken while Plaintiff was represented by counsel and SHELLPOINT should have been aware of same.

**COUNT I-VIOLATION OF FDCPA: 15 USC 1692c**

30. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 29.

31. 15 U.S.C. §1692c states in part:

(a) COMMUNICATION WITH THE CONSUMER GENERALLY. Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt --

(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer

32. Each time SHELLPOINT and/or a third-party hired by SHELLPOINT came to Plaintiff's residence, Plaintiff was represented by counsel. SHELLPOINT was aware or should have been aware of the scope of the representation.

33. Defendant, through its agents, representatives and/or employees acting within the scope of their authority violated 15 U.S.C. §1692c.

34. As a direct and proximate result of the violation of the FDCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to unlawful charges to Plaintiff's account, mental pain and shock, suffering, aggravation, humiliation and embarrassment.

35. Plaintiff has hired Loan Lawyers, LLC, to represent him in this action and has agreed to pay a reasonable attorney's fee.

36. As a result of the above violations of the FDCPA, pursuant to 15 U.S.C. §1692k, Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1000, together with reasonable attorney's fees and court costs.

**COUNT II-VIOLATION OF FDCPA: 15 USC 1692d**

37. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 29.

38. 15 U.S.C. §1692d states in part:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

39. SHELLPOINT has violated Section 1692d by coming to Plaintiff's residence and banging on the door and ringing the doorbell on numerous occasions. These actions have the natural consequence of harassment.

40. Defendant, through its agents, representatives and/or employees acting within the scope of their authority violated 15 U.S.C. §1692d.

41. As a direct and proximate result of the violation of the FDCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to unlawful charges to Plaintiff's account, mental pain and shock, suffering, aggravation, humiliation and embarrassment.

42. Plaintiff has hired Loan Lawyers, LLC, to represent him in this action and has agreed to pay a reasonable attorney's fee.

43. As a result of the above violations of the FDCPA, pursuant to 15 U.S.C. §1692k, Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1000, together with reasonable attorney's fees and court costs.

### COUNT III-VIOLATION OF FDCPA: 15 USC 1692e

44. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 29.

45. 15 U.S.C. §1692e states in part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (10) The use of any false representation or deceptive means to collect or

attempt to collect any debt or to obtain information concerning a consumer.

46. SHELLPOINT has violated Section 1692e by falsely informing Plaintiff and her family that SHELLPOINT owned the house.

47. Defendant, through its agents, representatives and/or employees acting within the scope of their authority violated 15 U.S.C. §1692e.

48. As a direct and proximate result of the violation of the FDCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to unlawful charges to Plaintiff's account, mental pain and shock, suffering, aggravation, humiliation and embarrassment.

49. Plaintiff has hired Loan Lawyers, LLC, to represent him in this action and has agreed to pay a reasonable attorney's fee.

50. As a result of the above violations of the FDCPA, pursuant to 15 U.S.C. §1692k, Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1000, together with reasonable attorney's fees and court costs.

### COUNT IV-VIOLATION OF FCCPA, FLORIDA STATUTES §559.72(7)

51. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 29.

52. Florida Statutes § 559.72(7) states:

In collecting debts, no person shall:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family,

53. SHELLPOINT has violated Section 559.72(7) by repeatedly coming to Plaintiff's house, banging on the door and ringing the doorbell. These actions can reasonably be expected to

harass Plaintiff and her family.

54. Defendant, through its agents, representatives and/or employees acting within the scope of their authority knowingly violated Florida Statutes §559.72(7).

55. As a direct and proximate result of the violation of the FCCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

56. Plaintiff has hired Loan Lawyers, LLC, to represent him in this action and has agreed to pay a reasonable attorney's fee.

57. As a result of the above violations of the FCCPA, pursuant to Florida Statute §559.77(2), Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1000 per violation, together with reasonable attorney's fees and court costs.

**COUNT V-VIOLATION OF FCCPA, FLORIDA STATUTES §559.72(9)**

58. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 29.

59. Florida Statutes § 559.72(9) states:

In collecting debts, no person shall:

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.

60. SHELLPOINT has violated Section 559.72(9) by falsely stating that SHELLPOINT owned the house, when SHELLPOINT knew it did not have legal title to the property.

61. Defendant, through its agents, representatives and/or employees acting within the scope of their authority knowingly violated Florida Statutes §559.72(9).

62. As a direct and proximate result of the violation of the FCCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

63. Plaintiff has hired Loan Lawyers, LLC, to represent him in this action and has agreed to pay a reasonable attorney's fee.

64. As a result of the above violations of the FCCPA, pursuant to Florida Statute §559.77(2), Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1000 per violation, together with reasonable attorney's fees and court costs.

### COUNT VI-VIOLATION OF FCCPA, FLORIDA STATUTES §559.72(9)

65. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 29.

66. Florida Statutes § 559.72(18) states:

In collecting debts, no person shall:

(18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within a reasonable period of time to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication;

67. Each time SHELLPOINT and/or a third-party hired by SHELLPOINT came to Plaintiff's residence, Plaintiff was represented by counsel. SHELLPOINT was aware or should have been aware of the scope of the representation.

68. Defendant, through its agents, representatives and/or employees acting within the scope of their authority knowingly violated Florida Statutes §559.72(9).

69. As a direct and proximate result of the violation of the FCCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

70. Plaintiff has hired Loan Lawyers, LLC, to represent him in this action and has agreed to pay a reasonable attorney's fee.

71. As a result of the above violations of the FCCPA, pursuant to Florida Statute §559.77(2), Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1000 per violation, together with reasonable attorney's fees and court costs.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, RHONDA B. JOHNSON, respectfully asks this Court to enter an order granting judgment for the following:

(a) An injunction against SHELLPOINT whereby SHELLPOINT be required to cease all communications with Plaintiff;

(b) For actual damages, statutory damages, costs, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k, and Florida Statutes § 559.77(2); and

(c) Such other relief to which this Honorable Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, RHONDA B. JOHNSON, hereby demands a trial by jury of all issues so triable.

Respectfully Submitted,

/s/ Aaron Silvers
Aaron Silvers, Esq.
Florida Bar No.: 104811
E-mail: asilvers@floridaloanlawyers.com
Yechezkel Rodal, Esq.
Florida Bar No.: 91210
E-mail: chezky@floridaloanlawyers.com
LOAN LAWYERS, LLC
*Attorneys for Plaintiff*
2150 S. Andrews Ave., 2nd Floor
Fort Lauderdale, FL 33316
Telephone:    (954) 523-4357
Facsimile:    (954) 581-2786